Zheng v. Holder

BIA
Nelson, IJ
A078 293 096

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of October, two thousand eleven.

PRESENT:
>        JOSEPH M. MCLAUGHLIN,
>        GUIDO CALABRESI,
>        RICHARD C. WESLEY,
>                *Circuit Judges.*

_____

YUE MING ZHENG,
>        *Petitioner,*

>                                        10-3132-ag
        v.                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; William C. Peachey,
                         Assistant Director; Jonathan
                         Robbins, Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yue Ming Zheng, a native and citizen of China, seeks review of a July 7, 2010, decision of the BIA affirming the September 12, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng*, No. A078 293 096 (BIA July 7, 2010), *aff'g* No. A078 293 096 (Immig. Ct. N.Y. City Sept. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zheng contends that the agency did not make an adverse credibility determination and thus his testimony alone established his eligibility for relief. Zheng testified

that he practiced Falun Gong in the United States and that the Chinese government intercepted Falun Gong materials he sent to his parents and provided a written notice ordering his parents to urge him to surrender.  Zheng also testified that his brother previously had been in the same situation for sending Falun Gong materials to their parents, as a result of which his parents had previously received a threatening notice from government officials.

Although an applicant's credible testimony alone may be enough to carry his burden of proof, 8 C.F.R. § 208.13(a), an IJ may nonetheless require that testimony be corroborated if one would reasonably expect corroborating evidence to be available.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009).  Here, the agency determined that Zheng failed to provide the village notice relating to the confiscation of the Falun Gong materials sent by his brother, a letter from his mother describing his brother's situation, or a letter or testimony from his brother.

Because such evidence would have provided support for Zheng's argument that the government was aware of his Falun Gong activities, the agency reasonably determined that such evidence was material to his claim.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that an

3

applicant seeking to establish a well-founded fear of persecution in the absence of past persecution must make some showing that the government is aware or is likely to become aware of his or her activities – i.e., those activities that will allegedly lead to persecution). In addition, given that Zheng's mother submitted a letter in which she did not mention the incident involving Zheng's brother and given that Zheng testified that he could ask his brother to provide a letter but never did so either before or after the IJ's decision, the record does not compel the conclusion that such evidence was unavailable. *See Chuilu Liu*, 575 F.3d at 196-99.

Although Zheng argues that the letter from his mother and the village notice sufficiently corroborated his claim and that the agency did not give proper weight to that evidence, the agency's determination that this evidence was of little probative value is entitled to deference. Such deference is particularly due given that the IJ previously found that Zheng was not credible, and given that the notice was not authenticated and Zheng's mother was an interested witness. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in discrediting a purported village notice where

4

the document was not authenticated and the alien had been found not credible by the IJ); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from friends and relatives where they were written by interested witnesses not subject to cross-examination).

Because the agency reasonably gave diminished weight to Zheng's evidence and found that Zheng failed to provide other reasonably available corroborative evidence to support his claim that Chinese government officials were aware or likely to become aware of his Falun Gong activities and persecute him as a result, the agency did not err in determining that Zheng failed to meet his burden of proving his eligibility for asylum, withholding of removal, or CAT relief. *See Chuilu Liu*, 575 F.3d at 196-99; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk